Filed 8/14/25  P. v. Apoyan CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>ARMEN APOYAN,<br><br>      Defendant and Appellant. | B339697<br><br>(Los Angeles County<br>Super. Ct. No. LA077165-01) |

APPEAL from an order of the Superior Court of Los Angeles County, Joseph A. Brandolino, Judge.  Appeal dismissed.

Ashwini Mate, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we review an order denying Armen Apoyan's motion for resentencing under Penal Code[1] section 1172.1, subdivision (a)(1). Because we find the order is not appealable, we dismiss the appeal.

## BACKGROUND

A jury convicted appellant Armen Apoyan of willful, deliberate and premeditated murder in violation of section 187, subdivision (a). The jury also found true several firearm enhancements pursuant to subdivisions (b) through (d) of section 12022.53. On November 8, 2018, the trial court sentenced Apoyan to 50 years to life in prison, consisting of 25 years to life for the murder and a consecutive 25 years to life for the firearm enhancement under section 12022.53, subdivision (d). The trial court declined to strike the firearm enhancement, finding it was not in the interest of justice to do so. The remaining enhancements were not imposed or were stricken.

 On June 5, 2024, Apoyan filed a petition for recall and resentencing pursuant to section 1172.1, subdivision (a)(1). He asked the trial court to exercise its discretion to strike the 25-year-to-life firearm enhancement pursuant to Senate Bill No. 620. On June 21, 2024, the trial court found that because Apoyan's sentencing took place after the effective date of Senate Bill No. 620, there was no change in the law warranting recall and resentencing under section 1172.1. The court denied Apoyan's request for resentencing. The trial court's order stated: "The Court has received and reviewed defendant Armen Apoyan's

---

[1] Undesignated statutory references are to the Penal Code.

2

Petition for Resentencing filed June 5, 2024. Defendant seeks resentencing pursuant to SB 620, effective January 1, 2018. Defendant's sentencing occurred subsequent to the effective date of SB 620. The Court exercised its discretion and imposed the firearm enhancement at the time of his sentencing. The imposition of that enhancement was upheld on appeal in 2020, when Defendant's case became final. For these reasons, Defendant is not eligible for relief and the Petition for Resentencing is denied." Apoyan timely appealed.

We appointed counsel to represent Apoyan on appeal. On July 7, 2025, counsel filed a no issue brief pursuant to *People v. Delgadillo*. Counsel advised us they told Apoyan he could file his own supplemental brief within 30 days and sent him transcripts of the record on appeal as well as a copy of the brief.

On July 7, 2025, this court sent Apoyan notice that a brief raising no issues had been filed on his behalf. We advised him he had 30 days within which to submit a supplemental brief or letter stating any issues he believes we should consider. We also advised him that if he did not file a supplemental brief, the appeal may be dismissed as abandoned.

On July 17, 2025, Apoyan filed a supplemental brief. He contends: 1) circumstances have changed since he was convicted because the only witness for the prosecution has now sworn in an affidavit that she lied at trial for promised amenities like free housing and money; 2) he never would have been convicted without the perjured testimony of this witness; 3) the trial court abused its discretion in denying him an opportunity to present information about the perjured witness testimony; 4) the courtroom was "corrupt" because it lost the archived transcripts of the original court reporter who is no longer employed with the

3

court; 5) the loss of his court transcripts is a violation of due process; 6) the court of appeal should review the facts of the trial, particularly the perjured witness testimony, to carry out the purpose of section 1385 which is to fight corruption and promote due process; 7) no firearm was recovered to validate the firearm enhancement, which confirms the corruption of court processes.

## DISCUSSION

I.    **Section 1172.1, the Recall and Resentencing Statute**

Section 1172.1 endows a trial court with authority to recall the sentences of incarcerated defendants and resentence them under certain circumstances.  Like its predecessor provisions, section 1172.1 is a statutory exception to the general rule that " 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' "  (*People v. King* (2022) 77 Cal.App.5th 629, 637–638.)

Under section 1172.1, a trial court may recall and resentence "at any time" upon the recommendation of the Secretary of the Department of Corrections and Rehabilitation, the Board of Parole Hearings, the district attorney of the county in which the defendant was sentenced, or the Attorney General if the Department of Justice originally prosecuted the case. (§ 1172.1, subd. (a)(1).)  Until recently, the statute also provided that a trial court may recall and resentence "on its own motion" within 120 days of the date of commitment.  Effective January 1, 2024, the 120-day provision was expanded.  Now a trial court may recall a sentence and resentence a defendant on its own motion "at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory

4

authority or case law." (*Ibid*.; Assem. Bill No. 600 (2023–2024 Reg. Sess.).) Once a trial court decides to recall and resentence, it may either reduce the sentence by modification or vacate the conviction and impose judgment on "any necessarily included lesser offense or lesser related offense, whether or not that offense was charged in the original pleadings." (§ 1172.1, subd. (a)(3).)

Notably, section 1172.1, by its terms, denies a defendant the right to petition the court for recall and resentencing. (§ 1172.1, subd. (c) ["[a] defendant is not entitled to file a petition seeking relief from the court under this section," and "[i]f a defendant requests consideration for relief under this section, the court is not required to respond."].) As to a right to appeal, the statute provides: "After ruling on a referral authorized by this section, the court shall advise the defendant of their right to appeal." (*Id*., subd. (d).)

## II. __The Right to Appeal Generally__

The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute. (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.) Criminal defendants are entitled to appeal from "any order made after judgment, affecting the substantial rights of the party." (§ 1237, subd. (b).)

## III. __The Definition of "Substantial Rights"__

Our Supreme Court has not provided "a comprehensive interpretation of the term 'substantial rights' as used in section 1237, subdivision (b)." (*People v. Loper* (2015) 60 Cal.4th 1155, 1161, fn. 3 (*Loper*).) But *Loper* did discuss how to approach formulating a definition. There, the court addressed the question

5

whether a defendant has the right to appeal a trial court's denial of a request for compassionate release properly made by the Secretary of the Department of Corrections and Rehabilitation under section 1170, former subdivision (e). That statute is similar to section 1172.1 in that both statutes do not give defendants the right to make a request for relief themselves. For relief under section 1170, only the Secretary of the Department of Corrections and Rehabilitation or the Board of Parole Hearings may make such a request. (§ 1170, former subd. (e).)

In deciding that the denial of a request for compassionate release affects substantial rights, our Supreme Court in *Loper* noted: "Although the defendant has no independent right to initiate compassionate release proceedings in the trial court, the Secretary [of the Department of Corrections and Rehabilitation] evaluated defendant's medical condition and made a recommendation for compassionate release on his behalf. By providing a mechanism for releasing eligible prisoners from custody, section 1170[, former subdivision] (e) implicates a prisoner's substantial interest in personal liberty. Moreover, although section 1170[, former subdivision] (e) authorizes the trial court to exercise discretion whether to release a prisoner for compassionate reasons, the statute also establishes clear eligibility criteria (§ 1170[, former subd.] (e)(2)), suggesting that discretion is not unfettered when evidence is presented satisfying the statutory criteria. These factors lead us to conclude the trial court's ruling clearly affected defendant's substantial rights for purposes of section 1237, subdivision (b)." (*Loper, supra,* 60 Cal.4th at p. 1161, fn. 3.)

We glean from this footnote that the combination of three factors dictates whether a defendant's substantial rights in

personal liberty are implicated: 1) the Legislature sets up a mechanism for releasing eligible prisoners from custody; 2) that mechanism is used to get the issue of release from custody before the trial court; and 3) that mechanism includes a list of eligibility statutory criteria that must then be followed by the trial court in making its ruling, suggesting that the trial court's discretion is not unfettered. We also glean from the extended discussion in *Loper* on standing that whether or not the defendant has the express right to initiate the request for sentencing relief is immaterial to determining whether substantial rights are affected. (See *Loper*, *supra*, 60 Cal.4th at pp. 1161–1165 [defendant may appeal an adverse decision on a postjudgment motion or petition if it affects substantial rights, even if someone else brought the original motion].) Indeed, we find that it is use of the mechanism set up by the Legislature, coupled with legislatively mandated factors to consider, that are determinative of whether substantial rights are affected by the statute.

Keeping these three factors in mind, we hold that section 1172.1 does not implicate a defendant's substantial rights where, as here, a defendant has personally filed a petition not authorized by statute. It is true that the Legislature created a mechanism for release, satisfying the first of the three criteria set out above. However, that mechanism, authorized for use by only designated entities or persons, was not followed in this case. Section 1172.1, subdivision (c) expressly provides: "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." The statute also expressly provides that where an *authorized* request for relief is denied, a defendant must be advised of their appellate rights, inferring a

7

right to appeal a properly authorized request. (§ 1172.1, subd. (d).

Here, Apoyan filed an unauthorized request for relief to which the trial court was not obligated to respond. Thus, the second criterion—that the authorized mechanism be used to obtain the requested relief – has not been satisfied. This analysis, we emphasize, is apart from a standing analysis per se.

Neither has the third factor been met. We see nothing in section 1172.1 which describes the factors a trial court must consider in deciding whether to recall a sentence. The only factors set out are those that will support extending the time within which the trial court may recall and impose sentence. We conclude that section 1172.1, as created by the Legislature, does not implicate the substantial rights of defendants. Therefore, orders denying requests for relief that do not properly invoke the mechanisms set out by the statute are not appealable.

We also adopt the analysis of our colleagues in Division 2 who concluded that orders denying requests for relief from defendants personally, as opposed to those from authorized third parties, are not appealable. (*People v. Hodge* (2024) 107 Cal.App.5th 985.) As Presiding Justice Lui wrote, "[T]he second sentence of section 1172.1, subdivision (c) does undermine any claim that defendants have a substantial right at stake when they file an unauthorized request for resentencing. That sentence excuses the trial court from any responsibility to rule on such a request, or even to respond. It follows that a defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling. The defendant may have a liberty interest at stake in any decision as to whether they should remain incarcerated. But a defendant has no right to demand that the

8

trial court actually make such a decision. If the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant any right, much less a substantial one." (*Id.* at p. 996.) Under *Hodge*, where a statute expressly relieves the court of any obligation to adjudicate a request for relief filed by defendants personally, it follows that defendants do not have a substantial right in this particular pathway toward resentencing. (*Ibid;* see also *People v. Faustinos* (2025) 109 Cal.App.5th 687, 697 [order declining to act on defendant's unauthorized section 1172.1 petition not an appealable order]; *People v. Brinson* (2025) 112 Cal.App.5th 1040, 1047 [same].*)*

We add that our analysis does not change where, as here, the trial court issued an order explaining why it was declining to act on the request (instead of ignoring the request, as it was authorized to do). It is the Legislature's mechanism and the use of that mechanism that is paramount in deciding whether substantial rights are affected, not the format of the trial court's order.

Because we find that the order declining to take any action on the section 1172.1 petition is not an appealable order, we do not address the merits of Apoyan's petition.

We also decline Apoyan's request that we conduct an independent review of the record. (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.

We concur:


WILEY, J.


VIRAMONTES, J.